ERVIN, Chief Justice
(concurring specially) .
I agree to the judgment herein. After the carrier notified claimant’s physician, Dr. Harmon, that he was no longer authorized by carrier to treat claimant, he could no longer treat her at the carrier’s expense. If for alleged good cause claimant desired to continue Dr. Harmon as her treating physician, she should have so notified carrier. Then, if carrier had persisted in refusing to authorize Dr. Harmon to treat claimant, the matter could have been brought on for hearing and determination before the Judge of Industrial Claims. See F.S. Section 440.13, F.S.A. See also, Robinson v. Howard Hall Company, Inc., et al., Fla., 219 So.2d 688, opinion filed March 5, 1969.
The claimant having failed and neglected to timely secure the prior approval of the carrier or a timely order from the Commission for her continued treatment by Dr. Harmon, there was no proper predicate for payment of the medical bills of Dr. Harmon after he had been notified by carrier he was no longer authorized to treat claimant.